# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 24, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JANET CLAWSON, | * | |
| | * | |
| Petitioner, | * | No. 17-191V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.
*Alexis B. Babcock*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 9, 2017, Janet Clawson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), including "shoulder pain, weakness and lack of range of motion" in her left arm as a result of receiving an influenza ("flu") vaccination on October 14, 2014. *See* Petition, ECF No. 1. On May 22, 2019, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. Decision, ECF No. 38.

On June 20, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 42 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $35,830.71, representing $34,589.00 in attorneys' fees and $1,241.71 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. Fees App. Ex. 5. Respondent responded to the motion on June 20, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 42. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, she is entitled to an award of attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a. **Reasonable Hourly Rates**

Petitioner requests that her attorney, Mr. Randall Knutson, be compensated at $365.00 per hour for all work performed in this case, from 2014 to 2019. The undersigned finds the requested rate to be reasonable for 2017 onward. However, this rate exceeds what Mr. Knutson has previously been awarded for his Vaccine Program work prior to 2017. *See Rehn v. Sec'y of Health & Human Servs.*, No. 14-1012V, 2015 WL 9412813, at *6 (Fed. Cl. Spec. Mstr. Dec. 1, 2015) (awarding Mr. Knutson $295.00 per hour for work in 2014 and 2015); *Lasnetski v. Sec'y of Health & Human Servs.*, No. 14-580V, 2017 WL 2610525, at *3 (Fed. Cl. Spec. Mstr. May 16, 2017) (Mr. Knutson requesting $295.00 per hour for work in 2016 and being awarded the same). Accordingly, for work performed in 2014-2016, the undersigned shall compensate Mr. Knutson at

$295.00 per hour. The billing records indicate Mr. Knutson performed 23.5 hours of work in this time frame. Fees App. Ex. 2 at 1-4. This results in a reduction of **$1,645.00** from the final award of attorneys' fees.[3]

Similarly, Petitioner requests that all paralegal work be compensated at $130.00 per hour. Like Mr. Knutson's requested rate, this exceeds what has previously been awarded for Knutson & Casey Law Firm paralegal work ($75.00 per hour). The billing records indicate that 15.3 hours of paralegal work was performed from 2014-2016. Fees App. Ex. 2 at 22-23. This results in a reduction of **$841.50**.[4]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$32,102.50**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,241.71 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. Ex. 2 at 26-28. These costs are all typical of Vaccine Program litigation and petitioner has provided adequate documentation supporting the requested costs. Accordingly, Petitioner is entitled to the full amount of costs sought.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $34,589.00 |

---

[3] ($365.00 per hour requested - $295.00 per hour awarded) * 23.5 hours = $1,645.00

[4] ($130.00 per hour requested - $75.00 per hour awarded) * 15.3 hours- $841.50.

| (Reduction to Fees) | - ($2,486.50) |
|---|---|
| **Total Attorneys' Fees Awarded** | **$32,102.50** |
|  |  |
| Attorneys' Costs Requested | $1,241.71 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,241.71** |
|  |  |
| **Total Amount Awarded** | **$33,344.21** |

**Accordingly, the undersigned awards a lump sum in the amount of $33,344.21, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Randal Knutson.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).